Joseph Rocco Jones, Esq. (State Bar #275834)
LAW OFFICE OF BALL & YORKE
1001 Partridge Drive, Suite 330
Ventura, California 93003
Phone:           (805) 642-5177
Facsimile:    (805) 642-4622

Attorney for Plaintiff,
PAUL BENAVIDEZ

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BENAVIDEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>KMART CORPORATION; HOME PRODUCTS INTERNATIONAL-NORTH AMERICA, INC.; and DOES 1 through 25, Inclusive<br><br>    Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, by and through his attorneys of record, LAW OFFICE OF BALL & YORKE, hereby states and alleges as follows:

### PARTIES

1.     Plaintiff PAUL BENAVIDEZ ("Plaintiff") is and at all relevant times was an individual over the age of twenty one (21) years and a resident of the State of California.

2.     Plaintiff is informed and believes and thereon alleges that Defendant, KMART CORPORATION, ("KMART"), is a corporation organized and existing under the laws of the State of California, and is authorized to do business and is doing business in Ventura, California.

3.     Plaintiff is informed and believes and thereon alleges that Defendant, HOME PRODUCTS INTERNATIONAL-NORTH AMERICA, INC., ("HOME

PRODUCTS"), is a corporation organized and existing under the laws of the State of California, and is authorized to do business and is doing business in Ventura, California.

4. Plaintiff is at present unaware of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sue these Defendants herein by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of these Defendants when so ascertained.

5. Plaintiff is informed and believes and thereon alleges that each Defendant named herein by that fictitious name was in some way responsible for and proximately caused the injuries and damages complained of herein by Plaintiff.

6. Plaintiff is informed and believes and thereon alleges that Defendants at all relevant times herein were responsible for and proximately caused or contributed to Plaintiff's injuries and/or damages, as further alleged.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants acted by and through their employees, agents, associates, and any and all individuals and/or entities working for or on behalf of said Defendants and/or for the benefit of Defendants and that each of said employees, agents, associates, any and all individuals and/or entities working for or on behalf of said Defendants and/or for the benefit of said Defendants who did and/or failed to do the things complained of herein were duly authorized agents of Defendants, and each of them, and at all times herein mentioned, were acting within the course and scope of said employment, and their acts and omissions as herein alleged were ratified by and/or authorized by and/or done with the prior knowledge and consent of Defendants, and each of them.

## INTRODUCTION

8. Plaintiff is a visual artist. In 2011 he created and began distributing a piece of artwork that he titled *The Enchanted Loom*. *The Enchanted Loom* is a mandala consisting of clothes hangers. Examples of the visual appearance of *The Enchanted Loom* are attached hereto as exhibit "A" and made a part hereof by reference. *The Enchanted Loom* has been prominently featured in a number of news reports both of Plaintiff's artwork as well as a featured contribution in the Occupy movement that was prominent in mid 2011. A copy of one such article is attached hereto as exhibit "B" and made a part hereof by reference. Defendant KMART and Defendant HOME PRODUCTS (DEFENDANTS) — without attempting to contact Plaintiff, obtain his permission, or credit his creation — began selling a four leg ironing board, manufactured by Defendant HOME PRODUCTS and sold to Defendant KMART, bearing the brand name Essential Home in Defendant KMART's California store locations with a cover that consists of the substantially identical design. A photograph of this ironing board is attached hereto as exhibit "C" and made a part hereof by reference. This case is about DEFENDANTS' appropriation of Plaintiff's artwork and DEFENDANTS' unauthorized use of that artwork. This infringing copy (the "Pirated Design") is used extensively in advertisements of the ironing board. This unauthorized exploitation of *The Enchanted Loom* constitutes copyright infringement.

## JURISDICTION AND VENUE

9. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). The Court has subject matter jurisdiction under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400 because DEFENDANTS do business, may be found, and are subject to personal jurisdiction here.

PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEFENDANTS' INFRINGEMENT

11. The Pirated Design is prominently featured in the marketing and promotional materials for the ironing board as demonstrated in Exhibit C.

12. At all relevant times, DEFENDANTS have had access to Plaintiff's artwork, *The Enchanted Loom*.

13. There is substantial similarity between the copyrightable expression in *The Enchanted Loom* and the Pirated Design on the cover of the ironing board being sold by DEFENDANTS.

14. Plaintiff has never been asked for permission for, and has never consented to, the use, reproduction, or creation of a derivative work based on *The Enchanted Loom*, including the Pirated Design on the ironing board cover. Nor has he ever been asked or agreed to the public display and distribution of the ironing board cover displaying *The Enchanted Loom*, or to the use of any of his other exclusive rights in *The Enchanted Loom* under the Copyright Act.

15. DEFENDANTS have already infringed Plaintiff's copyright through its unauthorized copying, distribution and public display of the Pirated Design on the ironing board cover in advertising and promotion for the ironing board and by making an unauthorized derivative work—namely, the Pirated Design—that is based upon and virtually copies *The Enchanted Loom*.

16. If not enjoined, DEFENDANTS will continue to infringe Plaintiff's copyright by using the Pirated Design to advertise, market, and promote the ironing board; and, by distributing or licensing derivative works that include the Pirated Design.

17. DEFENDANTS' conduct constitutes, at the very least, reckless copyright infringement in disregard of the rights of Plaintiff.

18. These wrongful acts of DEFENDANTS have caused irreparable injury to Plaintiff, and unless this Court restrains DEFENDANTS from further

use of the Pirated Design, Plaintiff will continue to suffer irreparable injury for which he has no adequate remedy at law.

19. As a direct and proximate result of DEFENDANTS' wrongful acts, DEFENDANTS have been and will continue to be unjustly enriched, and Plaintiff has suffered and will continue to suffer damages in an amount not yet fully determined.

**WHEREFORE**, Plaintiff prays for judgment against the defendants, and each of them as follows:

A. A preliminary injunction during the pendency of this action and a permanent injunction thereafter enjoining and restraining defendants, their agents, servants, employees, attorneys, partners, licensees, divisions, affiliates, parent corporation(s), and all others in active concert or participation with any of them from copying, distributing, publicly displaying, or otherwise making any use of the Pirated Design.

B. An award of monetary damages sufficient to compensate Plaintiff for the injuries suffered as a result of Defendants' wrongful conduct;

C. An award of Defendants' profits and unjust enrichment realized from its infringement;

D. An award to Plaintiff of his costs expended in this action; and

E. An award of such other and further relief as the Court deems just and proper.

//
//
//
//

PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues.

DATE:                      LAW OFFICE OF BALL & YORKE

_____
Joseph Rocco Jones, Esq.
Attorney for Plaintiff,
Paul Benavidez